BROOKS, ADMR., APPELLANT, *v.* SENTLE ET AL.,
APPELLEES.

(No. 3938—Decided March 29, 1943.)

*Messrs. Heslip & Gibson* and *Mr. Artee Fleming,* for appellant.

*Messrs. Kirkbride, Frease & Cole,* for appellees.

LLOYD, J.  In his action commenced in the Court of Common Pleas, the plaintiff, Booker T. Brooks, as administrator, sought to recover damages for the wrongful death of Charles Eugene Brooks, alleged to have been proximately caused by the negligence of an employee of defendant Harvey H. Sentle, doing business as Sentle Trucking Company.

On the night of February 13, 1940, the right front wheel of a tractor owned by defendant Sentle and operated by one of his employees, became detached, requiring the stopping of the tractor and the trailer attached thereto, on the right side of route No. 20 some 20 or 25 miles west of Toledo, whereon the tractor with the trailer had been proceeding westerly.  The tractor

weighed 5,600 pounds and the trailer was loaded with 6,400 pounds of steel.

The decedent, in his Buick automobile, in company with a Mr. Stewart and Mose Robinson, was also traveling westerly on route No. 20. The decedent, Brooks, who lived in Akron, had planned to drive to Chicago, and Stewart, who desired to stop at his home in Gary, Indiana, arranged to go along. Robinson having heard of his intended trip, asked the decedent if he might accompany him as far as Gary where his sister resided. As he stated it: "Well, I heard him say something about it and I wanted to see my sister, so I asked him could I go."

For this privilege he paid nothing and received no payment of anything from Brooks. Robinson had been, or was, a chauffeur and apparently a capable, if not an exceptionally expert driver. He drove the automobile from Akron to Toledo where Stewart assumed its operation. They stopped at several places in the city, the last of which was a gasoline station where Robinson asked Brooks to let him drive "from there on * * * for the reason" that he "thought it was safer," and that "I was a better driver than they were and I thought it would be better for me to drive at that particular time." Brooks was sitting in the front seat with Robinson. Stewart was in the rear seat. At about 10:30 p. m. the Buick of Brooks, being driven by Robinson, crashed into the rear of the Sentle trailer, the collision resulting in the death of both Brooks and Stewart.

Robinson, who was the only witness on behalf of plaintiff as to the actual happening, testified, in substance, as follows:

The weather was "bad, that it was sleeting and mistlike and had to have the windshield wiper going so we could see." The front lights on the Buick lighted the roadway "maybe 200 feet" and "I could see far

enough to stop if I seen anything. I guess I could see about 100 feet.'' When he first saw the truck, he was ''too close to stop * * * I could not miss it.'' Before the collision, the Buick had been traveling from 40 to 45 miles an hour. There were no lights on the tractor and trailer and there were no flares or fusees. It was ''all dark.''

Several witnesses of defendant Sentle testified that the tractor and trailer were well lighted and that flares and fusees had been placed on the highway to warn traffic of the danger.

At the conclusion of plaintiff's evidence, and of all of the evidence, Sentle moved the court for a directed verdict in his favor, which in each instance was overruled. A verdict in the sum of $2,820 was returned in favor of the plaintiff. Sentle then filed motions for judgment notwithstanding the verdict and for a new trial, the first of which was granted and judgment rendered accordingly. The second was overruled.

In response to a written interrogatory of the plaintiff as to whether Robinson was acting as the agent of the decedent in driving the latter's automobile, the jury answered ''yes.''

In Sentle's motion for judgment, it was stated that it was based ''upon Sections 11600 and 11601, General Code.''

The entry of the court granting the motion recited that it so decided ''upon due consideration of the evidence produced on behalf of plaintiff at the trial and also the special finding of fact that the driver of the decedent's automobile was the agent of the decedent.''

The plaintiff, appealing from the judgment of the Court of Common Pleas, contends that a judgment notwithstanding the verdict demands consideration of all of the evidence and not that of the plaintiff alone, and that this court, in reviewing the proceedings in

the Court of Common Pleas, is confined to the recitals in the motion and in the entry. Plaintiff is, of course, correct in asserting that the entire record must be examined and considered, but wrong in contending that this court, on review, may not do so merely because the trial court did not—if that is to be concluded as the purport of its entry. Accordingly, this court has examined and considered the entire record and all of the evidence, and finds therein ample support for the action of the trial court.

Robinson was guilty of negligence which, if not the proximate cause of the collision, proximately contributed thereto. The tractor and trailer were parked on the right side of the road along which the Buick automobile was proceeding. With the headlights thereon lighting the roadway for 200 feet ahead, there appears in the record no excuse for Robinson not having seen the parked tractor and trailer, and, if as he said, the weather was "bad and it was sleeting and mist-like," then all the more cautious should he have been. To proceed, as the facts in evidence disclose that he did, was a clear violation of Section 12603, General Code, 117 Ohio Laws, 398 (now Section 6307-21, General Code), and if not the proximate cause, surely proximately contributed to the death of Brooks and Stewart.

The remaining question is, was Robinson in driving the Buick, the agent of Brooks, the owner? From the undisputed evidence, a presumption arose that he was such agent and the record contains no evidence rebutting this presumption. His negligence was therefore imputable to Brooks. *Dahnke* v. *Meggitt,* 63 Ohio App., 252, 26 N. E. (2d), 223. The trial judge should have directed a verdict for defendant Sentle, which not

having been done, he properly rendered judgment for Sentle notwithstanding the verdict. This he had power to do on his own initiative.

The judgment is affirmed.

*Judgment affirmed.*

CARPENTER and STUART, JJ., concur.