BLAKE, APPELLANT, *v.* STAUFFER ET AL., D. B. A.
ARTHUR MURRAY STUDIOS, APPELLEES.*

(No. 470—Decided June 9, 1960.)

*Messrs. Reeves & Herron* and *Mr. J. Donald Ratcliff*, for appellant.

*Messrs. Knepper, White, Richards, Miller & Roberts* and *Mr. Willard C. Walter*, for appellee.

GILLEN, P. J.   Plaintiff, appellant herein, and defendant, appellee herein, will be referred to herein as plaintiff and de-

*Motion to certify the record overruled, January 11, 1961.

fendant, in the same manner as they appeared in the court below. In her original petition plaintiff named Marshall Stauffer, Wayne Blake, and Mary Anderson, d. b. a. Arthur Murray Studios, Charleston, W. Va., parties defendant. In her amended petition only Marshall Stauffer and Mary Anderson, d. b. a. Arthur Murray Studios, were named defendants. Before trial, Marshall Stauffer was dismissed as party to the action on plaintiff's motion.

The amended petition alleges, in part, as follows:

"Now comes the plaintiff and says that at all times herein after mentioned the defendant, Mary Anderson, is an individual and that she was doing business under the firm and trade name of Arthur Murray Dance Studio, 812 Kanawha Building, Charleston, West Virginia.

"Plaintiff further says that U. S. Route 23 is a highway and that at a point one and two tenths (1.2) mile north of the city of Chillicothe, Ohio, it extends in a general northern and southern direction passing through and across the county of Ross, Ohio.

"Plaintiff further says that on or about the 10th day of May, 1956, at or about the hour of 10:30 a. m., she was a passenger in a motor vehicle and that she was being transported from Charleston, West Virginia, to St. Joe, Michigan, and that she was a passenger in a motor vehicle being driven by one Wayne Blake, an agent and employee of defendant Mary Anderson, who was driving in a northern direction on U. S. Route 23, north of the city of Chillicothe, Ohio; and that at said time and place, approximately one and two-tenths (1.2) mile north of the city of Chillicothe, defendant Marshall Stauffer was operating a motor vehicle in a northern direction and that the vehicle driven by Wayne Blake, after giving due warning, started to pass the vehicle operated by defendant Marshall Stauffer, on the left or western side of said two lane highway, and that while said vehicle operated by the defendant, Marshall Stauffer, the defendant, Marshall Stauffer suddenly and without warning started to complete a left-hand turn causing said vehicles to collide, with the result that plaintiff sustained bodily injuries hereinafter more fully described.

"Plaintiff further says that in the operation of his motor

vehicle, Wayne Blake, the agent and servant of defendant Mary Anderson, was negligent in the following particulars, to wit:

"1. In operating their motor vehicle to the left of a yellow line placed in the half of the highway in which they were traveling.

"2. In operating their motor vehicle on the wrong side of said highway or that portion of the highway used by traffic traveling in the opposite direction.

"3. In causing their vehicle to pass at a place in said highway where the state of Ohio has designated as a 'no-passing zone.' "

After the jury had been duly impanelled and sworn and counsel had completed his opening statement, the following colloquy occurred between counsel and the court:

"Mr. Walter: Would you grant us a request to excuse the jury at this time?

"The Court: All right. Members of the jury, you may take the jury room, please.

"(Jury absent.)

"Mr. Adams: If it please the court, at this time the defendant, Mary Anderson, moves the court for an order granting judgment to her on the opening statement of the plaintiff. Your Honor, there has been no showing in plaintiff's opening statement of any connection between Mary Anderson and this accident.

"The Court: I grant you that's true. Anything else you have to offer?

"Mr. Adams: Not at this time, sir.

"The Court: Do you want to say anything for the record?

"Mr. Reeves: Only thing I want to say for the record, sir, that we allege Mary Anderson was operating the Arthur Murray Studio; that she was doing business as the Arthur Murray Studio and that is what we said in the opening statement.

"Mr. Walter: Could I make a comment, Judge? If you will read the amended petition here, it says that 'she was a passenger in the motor vehicle—that is, the plaintiff—being driven by Wayne Blake, as agent and employee of defendant, Mary Anderson.' I may be wrong, if Your Honor please, but I do not recall of hearing Mr. Reeves, in his opening statement, make

any comment as to the effect that Wayne Blake was an agent and employee of the defendant, Mary Anderson. I could not recall that, which of course, is the gist of this action.

"The Court: Yes, that's right. I didn't hear it. Will you check that?

"Mr. Reeves: Will you check that? I can recall the very words I said here.

"(Whereupon the opening statement of Mr. Reeves was read in part, having reference to said motion.)

"Mr. Reeves: Your Honor, rather than get into a discussion, at this time, I'd like open argument to cover that point.

"The Court: All right, it will be granted. If you will call out the jury.

"Mr. Walter: If Your Honor, please, may we have an exception—

"The Court: Well, motion overruled—We'll wait until we see what he's going to say.

"(Jury present.)

"Mr. Reeves: Members of the jury, I have an additional—I have made a request of the court and he has granted, for additional opening statement. At the time the accident happened, and during the entire trip from Charleston, West Virginia, to Chillicothe where the accident happened, just north of here, and at the time preceeding for a period of at least two or three months, this accident, Wayne Blake was an employee of Mary Anderson, doing business as the Arthur Murray Studios in Charleston, West Virginia. Jack Blake, who made all the arrangements for the trip was also an employee of Mary Anderson doing business as the Arthur Murray Studios in Charleston, West Virginia, and that so was the plaintiff, Dorothy Gibson Goth at that time.

"Mr. Walter: The same motion, if Your Honor please.

"The Court: Yes. Yes, sir. Anything else? Anything else you want to say?

"Mr. Reeves: Only that she was—He was an employee and he was operating it, sir, in the course of his employment, if I have to add that.

"The Court: Who?

"Mr. Reeves: Wayne Blake, sir.

"Mr. Walter: The same motion, if Your Honor please.

"The Court: Anything further, gentlemen?

"Mr. Reeves: No, sir.

"The Court: Members of the jury, there's been a motion made for a directed verdict on the opening statement. The court will grant that motion and you will retire to the jury room and sign a verdict for the defendant. A form will be prepared for your signature. You may take the jury room.

"(Jury absent.)

"Mr. Reeves: May I ask you to read into the record your reason?

"The Court: You haven't shown any employment. You made a statement he was employed—asked to drive the car which the—one—the owner of the car. He was asked by him to drive the car, according—I just read it here.

"(Whereupon the jury returned a verdict in favor of defendant, Mary Anderson.)"

The opening statement of counsel for plaintiff bearing upon the point at issue reads as follows:

"Miss Anderson made arrangements with her manager to transport all of these employees from Charleston, West Virginia, to Michigan, and that she, through her manager, arranged for the hiring of cars to take these employees from there up to Michigan, and that plaintiff, Dorothy Gibson Blake, was assigned to one of these cars; that they started out from Charleston; that the particular car she was assigned to and that they were using to transport her from Charleston to Michigan, was a car that was owned by a Mr. Rahall, and that the arrangements had been made with him for the purchasing of his car, through her manager, Mr. Blake; that Mr. Rahall didn't want to drive, we feel the evidence will show, because of an eye condition and he asked one of the other occupants to drive, a Mr. Wayne Blake."

Plaintiff's claim for damages against the defendant is predicated upon the doctrine of *respondeat superior*. In order to establish her claim she must prove that, at the time of the accident, Wayne Blake, driver of the automobile in which plaintiff was a passenger, was acting within the scope of his agency or employment. The mere fact that he was an employee of the de-

fendant in the operation of her Charleston studio is not sufficient unless it be shown that his duties required him to drive the automobile. It has been held in the case of *Lima Railway Co.* v. *Little*, 67 Ohio St., 91, that:

"3. A master is not liable for the negligent act of a servant or employee, if at the time of the doing of such act the servant or employee is not then engaged in the service or duties of his employment although the act be one which if done by such servant or employee while on duty and at a time when actually engaged in his master's service, would be clearly within the course and scope of the usual and ordinary duties of such servant or employee."

More directly in point is the case of *White Oak Coal Co.* v. *Rivoux, Admx.*, 88 Ohio St., 18. The second and third paragraphs of the syllabus of that case read:

"2. The facts that an automobile was owned by the defendant and the same was negligently operated by an employee do not make a *prima facie* case of negligence against the owner. unless it appears that the employee was driving the automobile with authority, express or implied, of the owner.

"3. A bookkeeper or cashier, employed in the office of the company, is not presumed from that fact alone to have the implied authority to use or operate an automobile purchased and owned by the company for the use and purpose of a traveling salesman."

At no place in the amended petition or in the opening statement of counsel is the statement made that Wayne Blake, driver of the automobile at the time of the collision, was acting within the scope of his employment. The claim is simply made that defendant made arrangements, through her manager, to transport her employees from Charleston, West Virginia, to St. Joe, Michigan; that, through her manager, she arranged to hire cars to transport her employees; that the car in which plaintiff was riding was owned by Mr. Rahall who was also a passenger in the car at the time of the collision; and that Rahall, because of an eye condition, requested Wayne Blake to do the driving. Rahall was merely an independent contractor who had been hired to transport some of defendant's employees in his automobile. No claim is made that defendant exercised any control

over the operation of the automobile or that she knew one of her studio employees was doing the driving. Wayne Blake drove at the request of the owner of the automobile, Rahall. Under such circumstances, he was driving the automobile as the agent of Rahall and not as an employee of defendant. Where the uncontroverted facts are that the owner of an automobile, while riding therein, permits another to drive it, a presumption arises that the driver is the agent of the owner. See *Brooks, Admr.*, v. *Gentle*, 74 Ohio App., 231.

Before directing a verdict for defendant, the trial court gave counsel for plaintiff full opportunity to supplement his opening statement and to make any corrections or additions deemed necessary. This was done even after opposing counsel pointed out the defect.

Where it appears from the record that counsel for plaintiff in his opening statement to the jury recites in detail all the evidence proposed to be offered in support of plaintiff's claim and the sufficiency of his statement is challenged, and it is still apparent that the facts proposed to be proved would not sustain the essential averments of the petition after full and fair opportunity is given to explain and qualify the opening statement, it is the duty of the trial court to sustain a motion to withdraw the case from the jury and enter a judgment dismissing plaintiff's petition.

In the case at bar we are of the opinion that the trial court properly directed a verdict for defendant. There being no prejudicial error in the trial of this cause, the judgment of the court below will be, and hereby is, affirmed.

*Judgment affirmed.*

RADCLIFF and COLLIER, JJ., concur.