GREYHOUND LINES, INC., a corporation of the State of California, Defendant Below, Appellant, v. JOSEPH S. CASTER and JULIA CASTER, his wife, Plaintiffs Below, Appellees, and JOHN CALVIN GRIFFIN, Defendant Below, Appellee.

(*January* 19, 1966)

WOLCOTT, C.J. and CAREY and HERRMANN, JJ., sitting.

*C. Waggaman Berl, Jr.,* of Berl, Potter & Anderson, for appellant.

*F. Alton Tybout,* for plaintiffs below, appellees.

Supreme Court of the State of Delaware, No. 69, 1965.

CAREY, Justice:

The Court below entered a judgment based upon a jury verdict in favor of the plaintiff for damages sustained as the result of injuries suffered by Joseph Caster in an automobile accident which occurred in July, 1964, at about 2:55 A.M. A passenger car, owned by Mr. Caster and driven by defendant Griffin, collided with a bus owned by Greyhound Lines and driven by defendant Womble, Greyhound's employee, at the intersection of U.S. Route 13 and Delaware Route 16 at Greenwood in Sussex County. That intersection is guarded by a yellow flashing light facing traffic coming south on Route 13, and by a red flashing light preceded by two large stop signs facing traffic coming east on Route 16. The bus was moving south on Route 13 and the car was moving east on Route 16. The Court below directed a verdict against Griffin but left it to the jury to determine the claim against Greyhound and Womble. No appeal has been taken by Griffin or Womble.

There was uncontradicted testimony that Caster was asleep on the back seat of his car at the time of the accident and had been asleep for some time prior thereto. He testified that he was familiar with Griffin's ability to drive and considered him a good driver, and that, when he had become tired, he turned over the driving to Griffin. Another passenger got into the front seat so that Caster would have the entire rear seat for sleeping. Caster gave no instructions to Griffin concerning the driving, and was satisfied that Griffin was fully capable of driving properly without any instructions. From the meager record before us, there appears to have been no testimony that Griffin was incompetent or that his faculties were in any way impaired. There was no charge that Caster himself was negligent. There is no suggestion that Griffin was Caster's employee or agent. The sole contention is that Griffin's negligence should be imputed to Caster because he was the owner of the car and a passenger therein.

The trial Judge instructed the jury that, if they found Caster was asleep at the time of the accident, they must find that Griffin's negligence is not imputed to Caster. Appellant duly excepted to that instruction. It also excepted to certain other parts of the charge which will be discussed later herein.

Much has been written by Judges, as well as textwriters, concerning the imputation of a driver's contributory negligence to an owner-passenger. See, for example, annotations in 147 A.L.R. 978 and 50 A.L.R.2d 1296; 4 Blashfield, Automobile Law and Practice, Sec. 2493; Prosser on Torts, Sec. 72. No discussion of the various underlying theories is presently needed. If we were to adopt the rule followed in some states, there would be no such imputation in this case, even if the owner had been awake. *Gaspard v. LeMaire,* 245 La. 239, 158 So.2d 149; *Johnson v. Los Angeles-Seattle Motor Express* et al., 22 Or. 377, 352 P.2d 1091, overruling *White v. Keller* 188 Or. 378, 215 P.2d 986; *SChweidler v. Caruso,* 269 Wis. 438, 69 N.W2d 611. But the majority rule, in the absence of statute, seems to be that the driver's contributory negligence will be imputed to, and will be a bar to an action by, an owner-passenger, unless the owner can establish that he had actually surrendered his right of control to the operator, even

though the owner was not in fact exercising that right at the time of the accident. *Beam v. Pittsburg Rys. Co.,* 366 Pa. 360, 77 A.2d 634; *Harper v. Harper,* 225 N.C. 260, S.E.2d 185; *Brooks v. Sentle,* 74 Ohio App. 231, 58 N.E.2d 234; *Langham v. Talbott,* Tex.Civ.App.,' 211 S.W.2d 987; *Ridgon v. Crosby,* 328 Ill. App. 399, 66 N.E.2d 190. That rule has been followed by our Superior Court in *Eskridge v. Ruth,* 9 Terry 439, 105 A.2d 785, and presumably in *Balick v. Philadelphia Dairy Products Co.,* 5 W.W.Harr. 269, 162 A.776. See also *Halpern v. United States,* D.C., 129 F.Supp. 326, applying Delaware law. This Court has never been obliged to pass upon these conflicting theories.* We see no need to do so now because even the majority rule permits a recovery by the owner if he can prove that he had in fact surrendered control to the driver. Appellant to concedes.

The important question in this connection is, therefore, whether Caster had relinquished control by going to sleep. On the point, we are impressed with the reasoning of *Stafford v. Roadway Transit Co.,* 3 Cir., 165 F.2d 920, and *Rocky Mountain Produce Trucking Co. v. Johnson,* 78 Nev. 44, 369 P.2d 198. Those cases stand for the propositions that a sleeping owner cannot exercise control; that the situation is the same in this regard as if he were not present in the car; and that there is no more reason to charge the driver's negligence against him than there would be if the owner had been at home. Indeed, it is difficult for us to imagine how the owner could more effectively divorce himself from control than by crawling into the back seat and going to sleep.

Several cases have been cited by appellant which have denied recovery by a sleeping owner. Some of them are distinguishable. *Baird v. Baird,* 223 N.C. 730, 28 S.E.2d 225, was primarily based upon a New York statute making an owner responsible for a driver's negligence whether he was present in the car or not. In *Knudson v. Boren,* 10 Cir., 261 F.2d 15, there was a finding of joint enterprise. *Ter*

---

*Hickman v. Parag,* 3 Storey 217, 167 A.2d 225, did not involve an owner-passenger.

*Harr v. Steele,* 330 Mich. 167, 47 N.W.2d 65, involved an employer-employee relationship. *Rodriguez v. State Farm Mutual Ins. Co.,* La.App., 88 So.2d 432, has been expressly overruled by *Gaspard v. LeMaire,* supra. Both *Kline v. Barkett,* 68 Cal.App.2d 765, 158 P.2d 51, and *Malone Freight Lines v. Tutton,* 177 F.2d 901, may possibly be predicted upon a husband-wife relationship, although the opinions are not clear in this respect. In any event, to the extent that these authorties disagree with *Stafford v. Roadway Transit Co.,* supra, we decline to follow them. We are of the opinion that the jury instruction on this point was correct.

Appellant suggests that this conclusion sets a dangerous precedent in that an owner could turn over the driving duties to a drunkard or an incompetent driver and, by going to sleep, evade his responsiblities to others. We do not accept that suggestion, for such an act on the part of the owner would usually be an act of negligence on his part for which he would be responsible. 8 Am.Jur.2d 125. There has been no claim in the present case that Mr. Caster was personally guilty of negligence.

Appellant contends that the charge to the jury was erroneous and prejudical in four other respects. The first such allegation is that no part of T. 21 *Del.C.* Sec. 4168 should have been mentioned to the jury. This section is as follows:

"Sec. 4168. General speed restrictions.

(a) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event, speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

(b) The driver of every vehicle shall, consistent with the requirements of the provisions of subsection (a) of this section, drive at

appropriately reduced speed when approaching and crossing an intersection or railway grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway and when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions."

It is contended that the second sentence of (a) limits the protection of the whole section to persons who are on or entering the highway in a legal manner, and it accordingly cannot be relied upon in this case because Griffin was not such a person. This is another way of saying that appellant owed Caster no duty under the section because of the second sentence. We cannot agree. Cf. *Carnes v. Winslow*, 4 Storey 536, 182 A.2d 19. If the legislative intention was to limit the whole section as appellant suggests, the other sentences would be superfluous. The Judge was right in ruling that Womble was bound by (b) and the first sentence of (a). He said nothing to the jury about the second sentence of (a).

The second complaint is, as we understand it, that the Judge erred in not limiting his instructions on negligence to the charge of violating T.21 *Del.C.* Sec. 4110 (a) (2) which authorizes a driver approaching a blinking yellow light to proceed "only with caution". The duty to exercise caution in that situation does not release the driver from all other obligations imposed upon him by law, such as observing the speed limits or keep a proper lookout. The Judge below followed the usual practice of pointing out those rules which, under the evidence, Womble could be found to have disobeyed. We are unable to see how this is reversible error.

The third objection is that the charge was "weighted" in Caster's favor in that, in concluding the explanation of each item of negligence charged, it stated that the verdict should be in plantiffs' favor if the jury found such negligence, together with proximate cause, had been proven, whereas only once or twice did it mention the conditions under which they must find for appellent. We see no merit

in this contention; we do not share appellant's feeling that this numerical imbalance had the effect of "overemphasizing" plantiffs' case.

The final objection is directed to the Judge's refusal to charge in the precise language of a prayer submitted by appellant concerning the allegations of negligence against Womble. Examination of the prayer shows that it probably contains one or more errors of law, and in any event was an incomplete statement of the driver's duties as related to the facts. The Judge therefore properly rejected the prayer as submitted; his refusal to take the time to "doctor it up", rather than to use his own language, is not reversible error, since we find no prejudicial error in the language he did use.

The judgment entered below will be affirmed.