**William L. WARRICK and Joan G. Warrick, his wife, Appellants in Nos. 18467, 18468,**

v.

**Harold K. BRODE and Joseph T. Richardson Inc.**

**Nos. 18467, 18468.**

United States Court of Appeals, Third Circuit.

Argued June 2, 1970.

Decided June 26, 1970.

Charles Jay Bogdanoff, Gekoski & Bogdanoff, Philadelphia, Pa., Albert C. Gekoski, Philadelphia, Pa., for appellants.

Rodman Ward, Jr., Prickett, Ward, Burt & Sanders, Wilmington, Del., by Richard I. G. Jones, Wilmington, Del., for appellees.

Before FREEDMAN, SEITZ and VAN DUSEN, Circuit Judges.

### OPINION OF THE COURT

### PER CURIAM:

■ This appeal challenges a June 13, 1969, judgment for defendants (Document 51),[1] entered on a jury verdict.

■ Taking the evidence in a light most favorable to the defendants, the record discloses that defendant Brode was driving defendant Joseph T. Richardson, Inc.'s truck north on Route 113, a four-lane divided Delaware highway with a posted speed limit of 55 miles per hour. About 100 feet from the intersection of Route 113 with Route 14, Brode turned into a third, left-hand turn lane, in preparation for a left turn onto Route 14. At this time he looked north on Route 113, but saw only one car proceeding south, about a mile away. He slowed the speed of his vehicle to about 15 to 20 m. p. h. and, having the green arrow in his favor, began his left-hand turn. At this time he looked north on Route 113, checking the "immediate area" of the intersection for southbound traffic.[2] He saw no such traffic and proceeded across the southbound lane of Route 113. The vehicle in which plaintiffs were passengers was driven through a red light, at approxi-

---

1. Plaintiffs' notice of appeal will be so treated even though it recites an appeal from the denial of their post-trial motions (Document 61). See, e. g., Livergood v. S. J. Groves & Sons Co., 361 F.2d 269, 271 (3rd Cir. 1966).

2. In his brief and at oral argument, plaintiffs' counsel asserted that Brode had limited his vision to an area 100 feet or at most 124 feet (twice the length of the courtroom in which Brode testified) north of the intersection. This is a restrictive reading of the testimony that is not permissible to a verdict loser. Brode testified at least seven times that he looked for southbound cars "in the immediate area" of the intersection. When asked to define that area in feet, he protested (at least six times) that he was not good at estimating distances and that he had no ability to define with accuracy the exact limits of his view, which he had made almost four years prior to his testimony. Although he did state, in response to plaintiffs' counsel's leading questions, that the area was not over two lengths of the courtroom, he also testified that he was not sure whether the distance could have been as much as a mile, and that "[a]s far as this distance, I am not sure". The jury, by its verdict, found that whatever the exact limitations of his view, it was reasonably expansive under the circumstances.

mately 50 m. p. h., and struck Brode's vehicle in the side. As a result of the accident, Mr. Warrick's wife was seriously injured and Mr. Warrick sustained minor injuries.

Plaintiffs' principal contention on this appeal is that judgment should have been entered in their favor as a matter of law. Delaware law recognizes that the existence of a favorable traffic signal does not release a driver from obligations imposed by law, such as the obligation to make a proper lookout. Greyhound Lines, Inc. v. Caster, 216 A.2d 689, 693 (Del.Sup.Ct.1966); Carnes v. Winslow, 4 Storey 536, 182 A.2d 19, 21 (Del.Sup.Ct.1962). When a driver enters an intersection, he has an obligation to avoid an accident if it becomes obvious to him that another driver will ignore a red light signalling him to stop. "However, in the absence of circumstances which would put a reasonable person on notice of impending danger [the driver with the green light has] a right to assume that he [can] traverse the intersection safely and that cross traffic [will] stop in obedience to the red light against it." Nolan v. Sullivan, 372 F.2d 776, 780 (3rd Cir. 1967) (interpreting Delaware law). Brode testified that he did not see the plaintiffs' car immediately before the collision, and whether he was negligent in not observing this danger was a question for the jury to determine. Carnes v. Winslow, *supra*. This issue was properly submitted to the jury.[3]

Plaintiffs contended that Brode, after originally admitting that the accident was his fault, later changed his story to claim specifically that the green arrow was in his favor on the basis of advice given to him by his employer, who arrived at the accident scene almost a half hour after the collision. The employer, Richardson, testified over objection that at the time of his arrival Brode told him that Brode had had the green arrow. This testimony was elicited to rebut the inference that Brode had changed his story in response to a suggestion from Richardson, rather than to portray the occurrence truthfully. Therefore, as evidence of prior consistent statements, the testimony was properly admitted. See C. McCormick, Law of Evidence § 49, at 108–09 (1954); 4 J. Wigmore, Evidence § 1128 (3rd Ed. 1940).

The investigating officer, called as plaintiffs' witness, testified that it was impossible for the northbound lanes of Route 113 to have a green light at the same time that a green arrow indicated a permissible left turn from Route 113 onto Route 14. On this basis, he concluded that Brode could not have had a green arrow, since Brode had told him that he had seen a green light for northbound traffic immediately before his turn. Richardson was permitted to testify over objection that the same investigating officer had told him the same thing, namely that it was impossible for the northbound lanes and the left-turn lane to have green lights at the same time. Even if this testimony was inadmissible hearsay,[4] see McCormick, *supra*, § 228, at 465, we fail to see how its admission made the refusal of the District Court to grant a new trial "inconsistent with substantial justice." F.R.Civ.P. 61.[5]

The June 13, 1969, judgment of the District Court will be affirmed.

3. The trial judge's charge to the jury was not transcribed because, as plaintiffs' counsel conceded at oral argument before this court, the charge properly instructed the jury as to the applicable law.

4. Plaintiffs suggest in their brief that this testimony was introduced to prove that the lights were operable on the day of the accident. It should be noted that this fact was not in dispute; indeed, the investigating officer testified twice that he had made an extensive check of the intersection's signals after the accident and had determined that they were properly operating.

5. Plaintiffs' counsel candidly admitted at trial that there was no conflict between the testimony of the investigating officer and that of Richardson.