No. 23,741. ·

SAM HEGARTY, *Appellant*, v. THE NATIONAL REFINING COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

NEGLIGENCE—*Automobile Collision—Findings Show Contributory Negligence —Judgment for Defendant.* The plaintiff sustained damages in an automobile collision. In an action to recover such damages, a general verdict was returned in his favor. Answers to special questions showed that he was guilty of contributory negligence. *Held,* that it was not error to render judgment for the defendant.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed November 4, 1922. Affirmed.

*F. L. Martin, John M. Martin,* and *James N. Farley,*. all of Hutchinson, for the appellant.

*J. S. Simmons,* and *Stuart Simmons,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: In this action, the plaintiff seeks to recover damages for injury to his automobile sustained in a collision with a motor truck owned and operated by the defendant. Judgment was rendered in favor of the defendant, and the plaintiff appeals.

A verdict was rendered in favor of the plaintiff for the sum of $275, and special questions were answered by the jury as follows:

"1. Did the defendant's truck stop on the West side of Main Street nearly in front of defendant's place of business on the East side and after the street car passed start up and cross the street? Ans. Yes.

"2. How fast was said truck traveling just prior to the collision? Ans. About 4 miles an hour.

"3. How fast was the plaintiff's car traveling when he first saw the defendant's truck crossing the street? Ans. 12 to 15 miles an hour.

"4. When plaintiff was fifty feet South of the point of collision how far across the street car track was the front end of the defendant's truck? Ans. About 15 or 20 feet.

"5. After the street car passed and when plaintiff's car was at least 100 feet away was the truck in plain sight of the plaintiff? Ans. Yes.

"6. Were both the head lights and tail lights on defendant's truck burning. Ans. Yes.

"7. If you find that defendant's agent Ferry was negligent then state in what acts or omissions negligence consisted? Ans. That he did not stop his truck nor give proper warning, as the plaintiff had the right of way."

Judgment was rendered for the defendant on the answers to the special questions.

Contributory negligence was an issue. The general verdict included a finding that the plaintiff was not guilty of contributory negligence, but such a finding was contradicted by special findings 2, 3, 4, and 5, which showed that the plaintiff could have seen the defendant's truck in ample time to have avoided a collision. Although the defendant was negligent, as shown in the seventh finding, that did not justify the plaintiff in continuing on his course until he collided with the truck, when he could, by the exercise of ordinary care for his own safety, have prevented the collision. Under repeated declarations of this court, this prevents his recovery.

Judgment was properly rendered in favor of the defendant, and the judgment is affirmed.