No. 29,959.

Glenn Antrim, *Appellant*, v. William S. Speer, *Appellee*.

(299 Pac. 643.)

Opinion filed June 6, 1931.

*S. S. Alexander* and *H. E. Walter,* both of Kingman, for the appellant.

*Clark A. Wallace* and *Paul R. Wunsch,* both of Kingman, for the appellee.

The opinion of the court was delivered by

Smith, J.: This is an action for damages suffered when an automobile driven by plaintiff collided with one driven by defendant. Judgment was for defendant. Plaintiff appeals.

The plaintiff was driving west about 8:30 o'clock in the morning on a township road. The defendant was driving south upon a county road, the main highway between Cleveland and Spivey in Kingman county. At the intersection of these two roads the cars collided. It was daylight and the roadway was dry. Each party had the opportunity of a full view of the road on each side for more than a quarter of a mile before reaching the intersection. Both drivers were badly injured and both cars badly wrecked. The jury returned a verdict for defendant and answered special questions as follows:

"1. At what rate of speed do you find plaintiff's car was traveling as it entered the intersection? A. Five miles, approximately.

"2. Did the plaintiff, prior to his entering the intersection, see the defendant approaching from the north? A. Yes.

"3. If you answer the above question in the affirmative, state: (a) How far east of intersection plaintiff was when he saw defendant. A. Twenty-five feet east of center of intersection.

"(b) How far north of intersection defendant was when seen by plaintiff. A. Approximately 600 feet.

"4. At what rate of speed do you find plaintiff's car was traveling at the time of the collision? A. Approximately ten miles per hour.

"5. If you answer question No. 2 in the affirmative, state whether or not plaintiff observed the approximate rate of speed at which defendant was traveling. A. Yes.

"6. If you answer the above question in the negative, state what, if anything, prevented plaintiff from observing and knowing the approximate rate of speed at which defendant was actually traveling. A.——

"7. Did plaintiff, at or immediately before entering the intersection of highways, look to the north for approaching cars ·on the county highway? A. Yes.

"8. If you answer the above question in the affirmative, state: (a) State distance defendant's car was north of point of collision. A. Approximately 600 feet.

"(b) Rate of speed defendant's car was then traveling. A. Approximately fifty miles per hour.

"(c) State what, if anything, prevented plaintiff then having a full and unobstructed view of defendant's car. A. Nothing.

"9. If plaintiff had been looking for approaching cars on the intersecting highway and had his own car under control, what, if anything, would have prevented said plaintiff from stopping his car or turning to the left and thereby have avoided the collision? A. Nothing.

"10. State fully what acts of negligence, if any, you find to have been the direct and proximate cause of plaintiff's injury and damage. A. Having seen defendant's automobile approaching at a high rate of speed he willfully and neglectfully drove his automobile in front of defendant's automobile. With due care he could have prevented the collision.

"11. If you find for the plaintiff, state what, if anything, you allow on the following items: (None of 11 ·answered.)

"12. Did the plaintiff, Antrim, slow down and substantially stop his car immediately prior to entering the intersection of the roads at the point of collision? A. Yes.

"13. What, if anything, was there to have prevented the defendant, Speer, from observing the automobile of the plaintiff, Antrim, at a sufficient distance to have avoided the collision? A. Nothing.

"14. At what rate of speed was the defendant driving the car used by him at the point of collision? A. Approximately fifty miles per hour."

Appellant filed a motion to set aside the answer to questions 5, 9 and 10 on the ground that the answers to the questions were contrary to and not supported by the evidence. This motion was denied by the trial court and appellant argues here that it should have been sustained. He argues that the findings of the jury with the above questions stricken out would show as a matter of law that the plaintiff was not guilty of contributory negligence.

As to the answer to question No. 5, the plaintiff testified that when he reached the intersection he stopped, looked up and down the road and observed defendant's car coming. Of course, if he

saw it coming he could tell approximately how fast it was coming and that's all the jury meant by their answer to that question.

As to the answer to question No. 9, the record fails to disclose how the jury could have answered it in any other way.

The answer to question No. 10 is objected to further in the brief of appellant because it states a conclusion rather than an ultimate fact. The rule is that an objection that an answer is a mere conclusion and indefinite is not available as error where no request was made that the jury be required to make the finding more definite and responsive. (*Bagnall v. Hunt*, 131 Kan. 805, 293 Pac. 733.)

A further answer to this objection is that if the answer was a conclusion it was a correct conclusion. The jury found that the plaintiff stopped his car and observed the defendant approaching at a high rate of speed and that the plaintiff only traveled twenty-five feet while the defendant was traveling 600 feet. At the time plaintiff started onto the road defendant was 600 feet away traveling fifty miles an hour, or seventy-three feet per second. He was a little more than eight seconds away from the point of collision. Plaintiff entered the intersection at five miles per hour. He was traveling ten miles per hour at the point of collision. He therefore doubled his speed in twenty-five feet. It is fair to assume that his average speed was seven and one-half miles per hour. At this rate he would have covered twenty-five feet in two and one-half seconds. This would have given him approximately five seconds to spare after he got clear across the road before the car of defendant reached the intersection. This kind of argument undoubtedly must have been made to the jury and they must have concluded that the story told by plaintiff was not correct. An analysis of these figures leads one to the conclusion that what plaintiff did was to drive his car in front of the car of defendant without taking careful note, as he should have done, on the distance the car of defendant was away and the speed at which it was approaching. These two things he was bound to observe. On behalf of plaintiff it is urged that the court should have instructed the jury that the plaintiff had a right to anticipate that the defendant was not driving his automobile at the rate of speed which exceeded that authorized by law at the time of the collision, and that if the plaintiff underestimated the speed at which the defendant's car was approaching, and believed he had abundant time to cross the intersection until it was too late to do anything to avoid the collision he would not be guilty of contributory negli-

gence, if in fact the automobile driven by defendant Speer was traveling at a higher rate of speed at the point of and just prior to the collision than the greatest rate of speed authorized by the then existing law. Instructions such as above would be proper to give in a case where the evidence introduced furnished any basis for them. However, the evidence in this case does not furnish such a basis. The plaintiff's argument amounts to a contention that he had a right to stand by and watch the car of defendant approaching and when it had reached a point from which it would be impossible for him to get his car across the road before the car of defendant should arrive at the intersection that he could then drive out and rely on the law of negligence and the statutes against speeding to overcome the old law of physics that two bodies cannot occupy the same space at the same time. Under the findings of the jury, the car of defendant was not 600 feet away when the plaintiff started out on the road. It could not have been more than about 200 feet away. We know that must be so because the cars collided. We conclude that the plaintiff was guilty of contributory negligence when he attempted to cross the road in front of the approaching car when it was no farther away.

The judgment of the court below is affirmed.