No. 30,948.

B. H. Brunson, *Appellant,* v. The Shell Petroleum Corporation, *Appellee.*

(19 P. 2d 455.)

Opinion filed March 11, 1933.

*Edwin Anderson* and *A. T. MacDonald,* both of McPherson, for the appellant.

*A. C. Malloy, Roy C. Davis, Warren H. White* and *Frank S. Hodge,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This was an action for damages resulting from a collision of motor vehicles on a public highway.

It appears that on the afternoon of November 16, 1930, while plaintiff was driving westward on highway 50 N, about two and one-half miles west of Canton, a truck belonging to defendant and operated by its employee came out of a field on the south side of the road and turned into the highway alongside of plaintiff's automobile, headed westward. The truck was driven at such speed that its rear wheels skidded; it struck plaintiff's car on its left side, caus-

ing it to upset in the ditch on the north side of the road, whereby it was damaged to the extent of $200, for which sum plaintiff prayed judgment.

The pleadings and plaintiff's evidence developed the foregoing facts. The evidence for plaintiff also tended to show that defendant's truck had entered the highway from the south through a gap in the fence and over a culvert which made a temporary side road into the highway. Defendant was engaged in drilling a well in the field about a quarter of a mile from the highway; and as plaintiff was traveling at 35 miles he saw defendant's truck in the field coming towards the highway. Plaintiff testified that he had not noted the gap in the fence nor the culvert, and that he did not know the truck was about to enter the highway. He also testified:

"Q. As you saw this car driven by the defendant's employee approaching, what, if anything, did you do with reference to your speed? A. I didn't do a thing.

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"The hind part of the defendant's car hit plaintiff's, as defendant's car swung into the highway the rear of its car struck the plaintiff's, damaging the left front fender and the side of the car and causing it to turn over on its right side in the ditch.

.    .    .    .    .    .    .    .    .    .    .    .    .

"I was on the right side of the road.

"Q. Were you over right against the ditch? A. Not exactly; no sir. I would judge four feet, possibly, something like that, from it."

Another witness testified that he and his wife were driving eastward on the highway and saw the accident. As he approached the place of collision he slackened his speed because he "could see that plaintiff's and defendant's cars were going to get to the same place at the same time."

Defendant's demurrer to plaintiff's evidence was sustained on the ground of contributory negligence. Hence this appeal.

Was plaintiff's contributory negligence so clearly established by the evidence adduced in his behalf as to require that issue to be taken from the jury and make it the duty of the trial court to make a ruling to that effect as a matter of law?

We think not. A plausible jury argument might be made that plaintiff was not negligent in any respect. He was on the right side of the road. Why should he have anticipated that defendant's truck would be turned into the highway at such speed that its wheels would skid and that its rear part would swing into the side of his

car? It is not even clear from the evidence that plaintiff knew, or should have known, that defendant's truck was actually coming into the highway, or that plaintiff knew there was an entrance thereabout from the field into the highway.

To sustain the ruling on the demurrer, counsel for appellee call attention to the fact that plaintiff did nothing, did not put on his brakes, and did not slow down. Perhaps a jury would find that he should have done some of these things, and that it was negligence for him not to do them. A court should not say so as a matter of law. Stress is put on the testimony of the eyewitness who foresaw that plaintiff's and defendant's cars would meet and collide. But that fact did not demonstrate plaintiff's contributory negligence.

Some excellent statements of law are quoted in defendant's brief, and counsel cite some familiar precedents, like *Hegarty v. Refining Co.*, 112 Kan. 151, 210 Pac. 348; *Ferguson v. Lang*, 126 Kan. 273, 268 Pac. 117; and *Antrim v. Speer*, 133 Kan. 297, 299 Pac. 643. We cannot discern that these authorities and precedents are controlling here. This cause was clearly one for a jury to decide. In *Beaver v. A. T. & S. F. Rld. Co.*, 56 Kan. 514, 516, 43 Pac. 1136, it was said:

"If beyond dispute or cavil it appears that the accident was the result of [plaintiff's] own negligence, then there was nothing for the jury to decide. On the other hand, if the standard of care required of him was a subject upon which different opinions might be entertained, and the facts shown and inferences to be drawn from them were such that reasonable minds might differ with respect to whether he had acted as a reasonably prudent man should have done under the circumstances, the case should have gone to the jury."

A plethora of later decisions of this court are to the same effect. See Negligence, Hatcher's Kan. Dig. § 75, p. 1623; id. Supp. p. 206.

It follows that the judgment must be reversed and the cause remanded for further proceedings.