## SUMMERBELL
### v.
### ELGIN NAT. WATCH CO.
### ELGIN NAT. WATCH CO.
### v.
### SUMMERBELL.
### Nos. 11910, 11911.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 8, 1954.

Decided June 24, 1954.

Mr. Preston C. King, Jr., Washington, D. C., with whom Messrs. Dickson R. Loos, and Powell Browning, Jr., Washington, D. C., were on the brief, for appellant in No. 11,910 and appellee in No. 11,911.

Mr. William E. Miller, Washington, D. C., with whom Mr. Raymond N. Shibley, Washington, D. C., was on the brief, for appellant in No. 11,911 and appellee in No. 11,910.

Before CLARK, WASHINGTON and DANAHER, Circuit Judges.

DANAHER, Circuit Judge.

Summerbell, plaintiff in the District Court, in a first count alleged breach of contract to pay commissions on the sales of products of defendant Elgin National Watch Company, and in a second count sought to recover the reasonable value of services claimed to have been rendered. Judgment was entered for the Company on the first count and for Summerbell, in the amount of $5,000, on the second count. Both parties appealed, and the cases were consolidated for argument.

The trial judge concluded as to count one, that "the plaintiff cannot recover for the reason that he has not established by a preponderance of the evidence an oral agreement which comprehends or includes commissions to the plaintiff on orders for fuse parts or clinometers, and so far as the agreement contained in the writings of the parties is concerned, he cannot recover because that is confined to orders for products named which do not include fuse parts, and therefore

does not include commissions to plaintiff on orders for fuse parts."

As to the second count it was found that Summerbell "performed services for the defendant; they were accepted by the defendant; they were useful to the defendant, and plaintiff is entitled to be compensated for the reasonable value of those services. . . . Considering what the record shows that he did, his education, his experience, his contacts, and the amount of time expended on this class of activity, his past earnings, the amount of the retainer in connection with the other products, and the usefulness of his services, I am of the opinion that their fair and reasonable value is $5,000."

■ The parties were in sharp issue as to the character, extent and scope of the services rendered and the basis upon which they were performed. That Summerbell performed some services of some value to the Company and for which he was not compensated, seems clear. Resolution of the issues certainly was the duty and within the proper province of the trial court. "The ultimate test as to the adequacy of findings will always be whether they are sufficiently comprehensive and pertinent to the issues to provide a basis for decision, and whether they are supported by the evidence." Schilling v. Schwitzer-Cummins Co., 1944, 79 U.S.App.D.C. 20, 22, 142 F.2d 82, 84. Moreover, "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A.; 5 Moore's Federal Practice 2609 et seq. (2d ed. 1951).

■ A careful review of the evidence and the exhibits affords no basis upon which we may substitute our interpretation and construction of the evidence for that of the trial court. Cleo Syrup Corp. v. Coca-Cola Co., 8 Cir., 1943, 139 F.2d 416, 417, 150 A.L.R. 1056, certiorari denied, 1944, 321 U.S. 781, 64 S.Ct. 638, 88 L.Ed. 1074; Brink's Inc. v. Hoyt, 8 Cir., 1950, 179 F.2d 355, 360. The findings are not "clearly erroneous," Dollar v. Land, 1950, 87 U.S.App.D.C. 214, 184 F.2d 245, certiorari denied, 1950, 340 U.S. 884, 71 S.Ct. 198, 95 L.Ed. 641. Nor do we find ourselves " 'on the entire evidence . . . left with the definite and firm conviction that a mistake has been committed.' " Id., 87 U.S.App.D.C. at page 217, 184 F.2d at page 248. On the contrary we are of the opinion that the findings and conclusions substantially support the judgment, which will therefore be affirmed.