**R. P. FULLER, Appellant,**

v.

**C. M. & W. DRILLING COMPANY,**
Inc., a corporation, Appellee.

No. 5489.

United States Court of Appeals
Tenth Circuit.

April 16, 1957.

Clayton D. Knowles, Denver, Colo.
(Knowles & Shaw, E. G. Knowles and
Richard H. Shaw, Denver, Colo., on the
brief), for appellant.

Charles E. Grover, Denver, Colo.
(Frederic L. Kirgis and Edward L. True,
Denver, Colo., on the brief), for appellee.

Before BRATTON, Chief Judge, and
MURRAH and PICKETT, Circuit Judges.

BRATTON, Chief Judge.

For convenience, reference will be
made to C. M. & W. Drilling Company
as the drilling company, and to Jaguar
Oil Company as the oil company. The
drilling company owned a part of the
working interest in certain oil and gas
leaseholds in Wyoming on which there
were producing wells. The oil company
desired to purchase the property. Nego-
tiations resulted in the execution of a
written contract of sale dated January
9, 1954. Under the terms of the contract
the oil company was to pay $650,000 for
the property. Of that amount, $40,000
was to be and was deposited in escrow
in a bank in Denver, Colorado; $260,000
was to be paid on or before January 26,
1954, the closing date of the contract;
two promissory notes each for the sum of
$50,000 were to be executed and deliv-
ered; and $250,000 was to be paid out
of oil produced from the premises. The
contract provided in substance that the
escrow agent should deliver the $40,000
to the drilling company on the closing
date unless the title to the property was
found to be unmerchantable. Title to the
property was found to be merchantable
but the oil company was unable to make
the payment of $260,000. The two par-
ties joined in directing the escrow agent
to deliver the $40,000 to the drilling com-
pany and that was done. The drilling
company had in its possession two evalu-
ation reports of the property made by
E. A. Polumbus, Jr., a petroleum engi-
neer of recognized ability, but these were
not delivered to the oil company. The
oil company assigned to R. P. Fuller its
claim and cause of action against the
drilling company. Fuller, as assignee of

the oil company instituted this action against the drilling company to recover restitution of the $40,000 delivered to the drilling company under the terms of the contract. Later, the oil company was made a party to the action. The cause was tried to the court without a jury; judgment was entered for the drilling company; and Fuller appealed.

■ The essence of the cause of action asserted against the drilling company was wrongful concealment of the existence and substance of the Polumbus reports. It is argued that the reports were material to the contract; that silence on the part of the drilling company respecting their existence and substance amounted to misrepresentation which constituted fraud; and that restitution of the $40,000 should have been granted. Suppression or concealment of a material fact which is designed to produce and does produce a false impression upon the mind of the purchaser of property concerning the property being purchased constitutes actionable fraud. But asserted fraud of that nature must be proved by evidence which is clear and convincing. Pacific Royalty Co. v. Williams, 10 Cir., 227 F.2d 49, certiorari denied 351 U.S. 951, 76 S.Ct. 847, 100 L.Ed. 1474.

■■ It would not serve any useful purpose to detail the evidence at length. It is enough to say that the evidence presented a sharp issue of fact as to whether there was any suppression or concealment of the existence and substance of the reports. The trial court saw the witnesses while testifying, observed their demeanor, appraised their credibility, weighed their evidence, and resolved the crucial issue of fact by expressly finding that at the time of the execution of the contract the oil company knew of the existence and substance of the reports. The finding was a sweeping negation of fraudulent suppression or concealment on the part of the drilling company concerning the existence and substance of the reports. The finding is adequately supported by substantial evidence, is not plainly erroneous, and

therefore must stand on appeal. United States v. National Association of Real Estate Boards, 339 U.S. 485, 70 S.Ct. 711, 94 L.Ed. 1007; Jones v. Grinnell, 10 Cir., 179 F.2d 873; Brown v. American National Bank, 10 Cir., 197 F.2d 911; Yokley v. Santa Fe Trail Transportation Co., 10 Cir., 227 F.2d 534. And in the absence of clear and convincing tokens of concealment concerning the existence and substance of the reports, there was. no sustainable basis for the action.

The judgment is affirmed.