John OLSON and Carter-Waters Corporation, Appellants,

v.

James MAXWELL, Appellee.

No. 5999.

United States Court of Appeals
Tenth Circuit.

Jan. 22, 1959.

Charles L. Davis, Jr., Addington, Jones, Davis & Haney, Topeka, Kan., for appellants.

Charles S. Fisher, Jr., Lillard, Eidson, Lewis & Porter, Topeka, Kan., and Arthur C. Hodgson, Lyons, Kan., for appellee.

Before BRATTON, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

This action arose out of a collision between two automobiles at an intersection of country roads in Rice County, Kansas. The case was tried without a jury and the court found for the plaintiff. The defendant contends here that the plaintiff was guilty of contributory negligence as a matter of law.

Prior to the collision, plaintiff was traveling north at approximately 45 miles per hour; defendant was traveling west at a speed which the court found to be

approximately 75 miles per hour.[1] As plaintiff approached the intersection, his view to the east was obstructed by a church and trees southeast of the intersection. The church building was located 70 feet south of the center of the east-west road and 68 feet east of the center of the north-south road. The traveled portions of the roads were 24 feet wide and were surfaced with gravel. After the plaintiff passed the north side of the church, his view to the east was unobstructed for about a quarter of a mile, except to a slight degree by some weeds and a bank along the east-west road. The plaintiff testified that he first looked to the east through an opening in some trees south of the church, but did not see defendant's automobile; that as he approached the intersection he slowed down to a speed of from 20 to 25 miles per hour and again looked to the east as he passed the church, but did not see any traffic coming from that direction; that when he was 15 or 20 feet south of the center of the intersection, he saw defendant's automobile for the first time and it was then 150 to 200 feet away; that he then applied his brakes but was unable to stop his car in time to avoid the accident; that he was traveling on the east side of the north-south road and was well beyond the center of the east-west road when the collision occurred. The county sheriff testified that defendant's car skidded 84 feet and struck plaintiff's automobile broadside while it was in the northeast quadrant of the intersection. There was evidence that after the collision plaintiff's car turned over at least once and came to rest on its wheels, 48 feet north and west of the point of impact. The court concluded that the collision was proximately caused by the negligence of the defendant in failing to yield the right of way to the plaintiff, in failing to keep a proper lookout, and in driving at a rate of speed in excess of that which was reasonable and prudent under the circumstances.

■ Relying principally upon Orr v. Hensy, 158 Kan. 303, 147 P.2d 749, an intersection accident case, defendant contends that under Kansas law, plaintiff's own testimony conclusively establishes his contributory negligence and precludes his recovery. In the Orr case, the court set aside a verdict for the plaintiff where it appeared from the jury's special findings of fact that the plaintiff had failed to observe the defendant's automobile which was in plain view as it approached the intersection. The court recognized the rule that a motorist approaching an intersection is not only required to look for other traffic, but he must look in such a manner as will enable him to see the things which a person, in the exercise of ordinary care, would have seen under like circumstances.[2] The court held that the special findings established that each party was guilty of negligence in failing to observe the other's oncoming automobile. Antrim v. Speer, 133 Kan. 297, 299 P. 643, and Hegarty v. National Refining Co., 112 Kan. 151, 210 P. 348, are somewhat similar cases.

■ We think, however, that the case at bar is more like the recent Kansas cases wherein it was held that the questions of contributory negligence and proximate cause were for the jury.[3] As a general rule, contributory negligence

1. There was testimony that the defendant was approaching the intersection at a speed of from 75 to 100 miles per hour.

2. A motorist who looks and fails to see an approaching vehicle, is not held to any higher degree of care than one who actually sees one approaching. Sullivan v. Johnston, 164 Kan. 386, 190 P. 2d 417.

3. If the Supreme Court of Kansas, in the Orr case, intended to hold that under all circumstances a motorist who drives in front of another car at the intersection of open country roads is guilty of contributory negligence, then there has been a decided trend away from the decision. To apply the Orr decision as defendant contends would, in effect, eliminate recovery of damages for all such intersection accidents. In Gatz v. Church, 180 Kan. 15, 299 P.2d 81, 83, the court said:

"As we read this record, it is clear that the trial court was fully justified in overruling the demurrer of each of the

is a question of fact. Cosby v. Doskocil, 180 Kan. 367, 303 P.2d 1107; Gatz v. Church, 180 Kan. 15, 299 P.2d 81. In considering a demurrer to the evidence, the court shall disregard all evidence which is unfavorable to the plaintiff and shall consider all of his evidence as true, together with the reasonable inferences which may be drawn therefrom. It shall not weigh the contradictory evidence or any differences in plaintiff's testimony on direct and cross examination. Cain v. Steely, 173 Kan. 866, 252 P.2d 909, and cases cited. The question of contributory negligence is for the fact-finder if the facts are such that reasonable minds might reach different conclusions therefrom. Cosby v. Doskocil, supra; Cain v. Steely, supra. In Lawrence v. Kansas Power & Light Co., 167 Kan. 45, 204 P.2d 752, 755, the court said:

> "The instances are relatively rare when the facts are such that the court should say that as a matter of law the negligence alleged has been established. Before the court should make such a holding the evidence should be so clear that reasonable minds, considering it, could have but one opinion, namely, that the party was negligent."

See also Thompson v. Barnette, 170 Kan. 384, 227 P.2d 120, a country road intersection case with facts somewhat similar to those presented here.

■ Considering the record in the light of the Kansas rules, we conclude that the record presents a situation where reasonable minds might differ as to whether plaintiff acted as a prudent man, and also as to what was the proximate cause of the injuries. The trial court resolved these questions in favor of the plaintiff and his findings, not being clearly erroneous, cannot be set aside on appeal. Rule 52(a), F.R.Civ.P., 28 U.S. C.A.; Fuller v. C. M. & W. Drilling Co., 10 Cir., 243 F.2d 862; Wunderlich Contracting Co. v. United States ex rel Reischel & Cottrell, 10 Cir., 240 F.2d 201, certiorari denied 353 U.S. 950, 77 S.Ct. 861, 1 L.Ed.2d 859. Clearly the plaintiff entered the intersection first, and defendant's automobile was driven into the side of plaintiff's car. Except for the high and dangerous rate of speed of defendant's automobile, it might well have been found that plaintiff would have crossed the intersection without there being a collision. This is not one of those cases where the plaintiff deliberately drove in front of another vehicle. Antrim v. Speer, supra. In Kendrick v. Atchison, Topeka & Santa Fe Railroad Co., 182 Kan. 249, 320 P.2d 1061, 1072, the court, in holding that proximate cause could not be determined as a matter of law, stated:

> "Proximate cause is most always a question for the jury. It becomes a question of law only where the facts are agreed upon and not in dispute."

■ We find no merit in the appellee's claim that the appeal was for the purpose of delay, which would subject the defendant to the penalty of our Rule 25, subd. 2, 28 U.S.C.A.[4] While hindsight may show that the appeal was useless, that does not mean, in the absence of a showing to the contrary, that it was sued out merely for the purpose of delay.

Affirmed.

---

parties to the evidence of the other. There was evidence to indicate that plaintiff did not look toward the east just as she entered the intersection and that had she done so she could not have failed to see defendants' car which was there to be seen. On the other hand, the evidence justifies the inference that under the circumstances of the time and place defendants' car was not under proper control. All of these matters were questions of fact properly to be submitted to the jury for determination, * * * "

4. Rule 25, subd. 2, provides:
"In all cases where proceedings in this court delay proceedings on the judgment or decree of the inferior court, and the appeal shall appear to have been sued out merely for delay, damages at a rate of not exceeding 10 per cent in addition to the interest shall be awarded upon the amount of the judgment or decree."