389 F.2d 697
 UNITED STATES FIDELITY AND GUARANTY COMPANY, a Corporation, A. E. Gibson Company, and Amulco Asphalt Company, a Joint Venture composed of A. E. Gibson, d/b/a, A. E. Gibson and Amulco Asphalt Company, a corporation, Joint Ventures, and Buster Farrimond, Appellants,
v.
UNITED STATES of America for the Use and Benefit of CONTRACTOR'S ELECTRIC SUPPLY, INC., a corporation, Appellee.
 No. 9676.
 United States Court of Appeals Tenth Circuit.
 March 5, 1968.
 
 Tom N. Klentos, Tulsa, Okl., for appellants.
 Kay Wilson, Jr., Muskogee, Okl., for appellee.
 Before BREITENSTEIN, SETH and HICKEY, Circuit Judges.
 HICKEY, Circuit Judge.
 
 
 1
 Appellee, Contractors Electric Supply, Inc., a material supplier, filed a complaint permitted by the Miller Act, 40 U.S.C.A. §§ 270a and 270b, against appellants, the general contractor, and others, including the surety bond company who guaranteed the payment for materials furnished on the contract job. Appellants sought to amend their answer on the day of trial. The court denied the oral request. Judgment was given appellee for the balance due for materials. The general contractor and his surety company filed this appeal.
 
 
 2
 The question presented is whether the appellants were denied the benefit of a defense they sought to include by amending their answer immediately before trial.
 
 
 3
 Some eleven months after the complaint had been filed the cause came to trial. A motion to dismiss, a pre-trial conference and a continuance to take a deposition had intervened between filing and date of trial.
 
 
 4
 Appellants contend they sought to orally amend the answer to include a defense that certain materials furnished by appellee were used on other projects and charged to the project here covered. The trial court advised appellants they would be held to their pleadings. The discussion between court and counsel does not contain a specific request to amend the answer nor is there evidence that a motion to amend was filed pursuant to Fed.R.Civ.P. 7(b).
 
 
 5
 This court has often reiterated that allowance of amendments is in the discretion of the district court and allowance of or refusal to permit amendment is not subject to appeal except for abuse of discretion. Travelers Indemnity Co. v. United States, 382 F.2d 103 (10th Cir. 1967); Wyoming Construction Co. v. Western Casualty & Surety Co., 275 F.2d 97 (10th Cir. 1960); Horn By and Through Godwin v. Allied Mutual Casualty Company, 272 F.2d 76 (10th Cir. 1959); Ziegler v. Akin, 261 F.2d 88 (10th Cir. 1958); Leggett v. Montgomery Ward & Co., 178 F.2d 436 (10th Cir. 1949).
 
 
 6
 The rule above quoted is not essential to a determination of this case because the trial court allowed direct evidence to be admitted on the issue appellants sought to tender prior to the trial and no objection was made. The complaint alleges "* * * that the material required * * * was furnished by the plaintiff between January 18, 1965, and February 3, 1966, all as appears from copies of invoices attached hereto. * *" Appellants generally denied this allegation in their answer. The issue was tendered and evidence was admitted to impeach certain of the invoices upon which claim was made.
 
 
 7
 Fed.R.Civ.P. 15(b) provides that if "issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Where no objection is made to evidence on the ground it is outside the issues of the case, the issue raised is nevertheless before the trial court for determination, El Paso Electric Co. v. Surrency, 169 F.2d 444, 448 (10th Cir. 1948), and the pleadings should be regarded as amended in order to conform to the proof. Commissioner of Internal Revenue v. Finley, 265 F.2d 885, 888 (10th Cir. 1959); Knudson v. Boren, 261 F.2d 15, 19 (10th Cir. 1958); Kaye v. Smitherman, 225 F.2d 583, 593 (10th Cir. 1955); El Paso Electric Co. v. Surrency, supra.
 
 
 8
 The court concludes from the record that the issue which appellants contend they sought to raise by amendment was tried with the implied consent of the appellee; therefore, the determination of the trial court on that issue is final.
 
 
 9
 Affirmed.