In the Matter of Arlyn V. NETT and Lois J. Nett, Debtors.

Melvin BAHR and Mary Ann Bahr, Plaintiffs,

v.

Arlyn V. NETT and Lois J. Nett, Defendants.

Adv. No. 85–0161–7.

United States Bankruptcy Court, W.D. Wisconsin.

March 4, 1987.

Annette L. Gerhardt, Conway, Conway & Gerhardt, S.C., Baraboo, Wis., for plaintiffs.

A. Victoria Eherenman, Madison, Wis., for defendants.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Chief Judge.

On February 27, 1985, the debtors, Arlyn V. Nett and Lois J. Nett, filed a joint petition for relief under chapter 7 of the Bankruptcy Code. Melvin Bahr and Mary Ann Bahr, plaintiffs herein, filed their adversary complaint on May 23, 1985, objecting to the debtors' discharge under 11 U.S.C. § 727(a)(2)(A) and (B) and section 727(a)(4) and, alternatively, seeking that their claim be found nondischargeable pursuant to 11 U.S.C. § 523(a)(6).[1] The debtors filed a motion to dismiss which was granted with leave to amend. The plaintiffs filed an amended complaint on July 24, 1985, alleging that:

1. The debtors with intent to hinder, delay or defraud their creditors, have transferred, removed, destroyed and/or concealed within one year of the filing of the petition property of the debtors consisting of:

a) $20,000 worth of cattle

b) $11,000 worth of milk

c) 4 pigs with a value of $1,200, and

d) cattle, hay and/or other property

2. The debtors with intent to hinder, delay or defraud their creditors transferred, removed, destroyed and/or concealed property of the estate after the filing of the petition, consisting of an 8-ton Easy Trail running gear with a value of $500 and funds used to purchase 19 cows.

3. Debtors should be denied a discharge for knowing and fraudulent false oaths and accounts in

a) failing to list all of their assets in their schedules, and

b) stating under oath at the first meeting of creditors that an agent of the Bank of Elroy had given them permission to sell cattle, when the Bank's agents had not.

4. The debtors' debt to plaintiffs' should be nondischargeable under section 523(a)(6) for willful and malicious injury to plaintiffs' property consisting of the following:

(a) The sale of $20,000 worth of cattle without remitting the proceeds to the secured creditors, and

(b) The use of the proceeds from the sales of secured property to purchase 19 cows for $14,000, and

(c) Transferring 4 pigs to a veterinarian, and

(d) Transferring cattle, hay and/or other property to a third party for the purpose of concealing said property, and

(e) Selling milk without remitting the proceeds of $1,008.33 per month to plaintiffs as per a perfected assignment, and

(f) Selling the 8-ton Easy Trail running gear, and

---

**1.** The dispute between the Bahrs and the Netts dates back to June of 1983 when the Bahrs sold the Netts a farm and approximately thirty-eight Holstein cows, eleven heifers, one bull, eight calves, and various farm machinery and equipment. Apparently the Bahrs required very little or no down payment from the Netts on this purchase. In consideration for the farm, animals and equipment the Netts signed a $110,000 note, a mortgage on the farm property and a second security interest in livestock, machinery, crops, feed, farm supplies and the products thereof (the Bank of Elroy retained a first security agreement in the above-mentioned collateral). The Netts never paid the Bahrs the $110,000 for the purchase of the farm. The Bank of Elroy, which had a first mortgage, sold the farm and retained the proceeds. The Netts cannot account for the disappearance of the rest of the collateral in which the Bahrs had a security interest. It is the disappearance of this collateral which is the basis of this adversary proceeding.

(g) Selling 12,510 pounds of soybeans to Mauston Co-op without remitting the proceeds to the secured creditors.

On November 6, 1985, after hearing all of the testimony at trial and considering all the evidence I ruled from the bench that the debtors should be denied a discharge pursuant to 11 U.S.C. § 727(a)(5).[2] After noting that the testimony of Arlyn Nett, Lois Nett, and Mary Ann Bahr could be accorded little credit, I stated:

> I am satisfied that the debtors have failed to explain satisfactorily loss of proceeds of the sales of cows, corn, soybeans, hay and milk after June of 1983. General statements to the effect that those proceeds have been applied to feed or to feed operating expenses and personal expenses, do not afford sufficient specificity to allow verification.

(trial transcript p. 4, lines 23–25—p. 5, lines 1–3)

> ... In addition to those assets and those proceeds, I am satisfied that the debtors have failed to explain other losses of assets including the loss of one running gear, the loss of calves and young stock numbering somewhere in the neighborhood of 34.

(trial transcript p. 5, lines 19–23)

> Having found that, (sic) discharge must be denied. (sic) Under Sec. 727(a)(5), it is unnecessary to discuss other grounds alleged for the denile (sic) of discharge or the consideration of the dischargeability of any individual debt.

(trial transcript p. 6, lines 13–17)

On May 27, 1986, defendants filed a motion for this court to reconsider and reverse its November 6, 1985, ruling. In support of their motion, the debtors argue that the noticed causes of action were limited to sections 727(a)(2)(A) and (B), 727(a)(4) and 523(a)(6), and that they were not given notice that they would have to defend a section 727(a)(5) action. Because the conclusions of law are allegedly based on an unpled cause of action, the debtors claim

they were deprived of due process of law. That claim is without merit.

Bankruptcy Rule 7015 and F.R.C.P. 15(b) require the court to treat the issues tried by the parties as if they had been raised in the pleadings provided the debtor has not been prejudiced. F.R.C.P. 15(b), states:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

Furthermore, under Bankruptcy Rule 7054(a) and F.R.C.P. 54(c), the court must grant the relief to which the party in whose favor it is rendered is entitled.

The purpose of an amendment to conform the pleadings to the evidence is to bring the pleadings in line with the actual issues upon which the case was tried. The fact that the amendment changes the legal theory of the action is immaterial so long as the opposing party has not been prejudiced in the presentation of its case. *Jurinko v. Edwin L. Wiegand Co.,* 477 F.2d 1038, 1045 (3d Cir.1973), *vacated and remanded on other grounds,* 414 U.S. 970, 94 S.Ct. 293, 38 L.Ed.2d 214 (1973); *D. Federico Co. v. New Bedford Redevelopment Auth.,* 723 F.2d 122, 126 (1st Cir. 1983). "The test should be whether the defendant would be prejudiced by the implied amendment, *i.e.,* whether he had a fair opportunity to defend and whether he could offer any additional evidence if the case were to be retried on a different theory." 3 *Moore's Federal Practice,* ¶ 15.-13[2] at 15–130–31 (2d edition 1985).

Rule 15(b) makes a liberal provision for amending the pleadings to conform to the

---

**2.** Section 727(a)(5) provides:
the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

evidence. "[I]t is the duty of the court to consider issues raised by evidence received without objection even though no formal application is made to amend." *Underwriters Salvage Co. of New York v. Davis & Shaw Furniture Co.*, 198 F.2d 450, 453 (10th Cir.1952). The Seventh Circuit has stated in considering another rule:

> [P]leading is important only to inform the opposing party of what is claimed and the grounds upon which the claim rests. And in deciding whether a complaint fairly notifies a defendant of matters sought to be litigated, courts have often looked beyond the pleadings to the pretrial conduct and communications of the parties. (citations omitted) The fruits of discovery, in particular, provide a wealth of information relevant to discerning the breadth of a complaint.

*Sundstrand Corp. v. Standard Kollsman Industries, Inc.*, 488 F.2d 807, 811 (7th Cir.1973).

The right to go beyond the pleadings is not unlimited however. The Seventh Circuit has stated in reference to Rule 15(b):

> The spirit and the design of the rules dictate that every suitor shall either prevail or fail on the justness of his cause, not the technical niceties of the pleadings. But the pleader is the architect and master of his own lawsuit and at some stage of the trial proceedings he must articulate the theory or theories upon which he expects to prevail. Although the rule is not absolute, a litigant cannot ordinarily expect to lose in the trial court on one theory and win on appeal under another.

*United States v. Home Indemnity Co.*, 489 F.2d 1004, 1007 (7th Cir.1973). Most recently the Seventh Circuit has addressed the issue raised by this case in a bankruptcy situation stating:

> We agree with the district court that the bankruptcy judge acted within his discretion in admitting evidence of Prescott's overdrafts and ruling on whether the overdrafts constituted an additional preference to Marine. That the original complaint did not raise the issue does not

prevent the bankruptcy court from ruling on the matter. As this circuit recently said, 'the Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence.' *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985), *cert. denied*, [— U.S. —] 107 S.Ct. 71 [93 L.Ed.2d 28] (1986). The procedure for amending pleadings to conform to the evidence is established by Federal Rule of Civil Procedure 15(b), applicable in bankruptcy courts by Bankruptcy Rule 7015:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues....

Fed.R.Civ.P. 15(b). The intent of rule 15(b) is 'to provide the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.' *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir.1982). The key factor in determining whether the pleadings have been amended is whether the issue has been tried with the express or implied consent of the parties. The test for such consent is 'whether the opposing party had a fair opportunity to defend and whether he could have presented additional evidence had he known sooner the substance of the amendment.' *Hardin*, 691 F.2d at 456. One sign of implied consent is that issues not raised by the pleadings are presented and argued without proper objection by opposing counsel. *See Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 389 (5th Cir.1984); *Leatherman v. Gateway Transportation Co.*, 331 F.2d 241, 246 (7th Cir.1964); *Gallegos v. Stokes*, 593 F.2d 372 (10th Cir.1979). To

demonstrate lack of consent, the objection should be on the ground that the contested matter is 'not within the issues made by the pleadings.' Fed.R.Civ.P. 15(b); *see United States Fidelity and Guaranty Co. v. United States,* 389 F.2d 697, 698–99 (10th Cir.1968) ('[w]here no objection is made to evidence on the ground it is outside the issues of the case, the issue raised is nevertheless before the trial court for determination, and the pleadings should be regarded as amended in order to conform to the proof') (citations omitted). Implied consent may also be found if the opposing party itself presents evidence on the matter. *See Hardin,* 691 F.2d at 457; 6 C. Wright and A. Miller, Federal Practice and Procedure § 1493 at 463–65.

*In re Prescott,* 805 F.2d 719, 725 (7th Cir. 1986).

■ A two part analysis is necessary under Rule 15(b). First, we must determine whether the contested issue was actually tried by the parties. Another way of looking at it is whether the evidence presented at trial would support a finding on the issue. In the present case this must be examined in the context of the requirements of section 727(a)(5).

*In re Chalik,* 748 F.2d 616, 619 (11th Cir.1984) summarizes the standards for a section 727(a)(5) claim as follows:

At trial, the party objecting to a discharge has the burden of proving the objection. Bankruptcy Rule 4005 (1983). But once that party meets the initial burden by producing evidence establishing the basis for his objection, the burden shifts to the debtor to explain satisfactorily the loss. 'The creditor's burden of persuasion does not obviate the necessity that the debtor provide a satisfactory explanation of the loss of his assets.' To be satisfactory, 'an explanation' must convince the judge. Vague and indefinite explanations of losses that are based upon estimates uncorroborated by documentation are unsatisfactory.... ([S]atisfactory explanation must consist of more than a vague, indefinite and uncorroborated hodgepodge of financial transactions). (citations omitted) (footnote omitted).

In *Chalik,* the trial court's finding that the plaintiffs had met their burden of proof when they established that the debtor had received a $130,000.00 loan prior to filing the bankruptcy petition was upheld. *Id.* at 619–20.

In the present case, the Bahrs established at trial that the debtors' assets included cows, corn, soybeans, hay, milk, a running gear, and $11,000.00 from the sale of a house. The burden then shifted to the debtors to explain the loss of these assets or their proceeds. The debtors' explanations amounted to general statements that the proceeds had been applied to feed, operating and personal expenses without any specificity as to the amounts paid, the identity of the recipients, or the time of payments. The expenses have not been identified with sufficient detail to permit verification. The lack of detail gave rise in part to a specific finding as to the debtors' lack of credibility. In sum the debtors' explanations were incomplete and unsatisfactory. On that basis I ruled that the debtors' explanations of the disposition of these various assets were unsatisfactory under 11 U.S.C. § 727(a)(5).

■ The second prong of the analysis under rule 15(b) is whether the debtor had an opportunity to defend on the alternate theory. In essence this is a question of due process. *Sundstrand* permits the court to look beyond the pleadings to the "fruits of discovery" to determine whether or not the debtors had notice of a possible section 727(a)(5) claim.

First, however, the Bahrs' amended complaint should be examined. It contains numerous allegations that the debtors sold various assets and failed to remit the proceeds to the various creditors. These allegations alone are sufficient to put the debtors on notice that they would be asked to explain what they had done with the proceeds from the sales of these various assets. As Collier has so aptly stated:

Section 727(a)(5) is broad enough to include any unexplained disappearance or shortage of assets as well as mere insolvency itself, i.e., an insufficiency of assets to meet liabilities. In the interpretation of this section many of the cases decided under sections 727(a)(2), (3) and (4) will be helpful, since a failure to account for assets is often an important element in the proof of a concealment of assets from the bankruptcy court or a failure to keep books.

4 *Collier on Bankruptcy* ¶ 727.08 at 727–71 (15th ed. 1986).

On October 15, 1985, the debtors were deposed in connection with this case. The deposition of Arlyn Nett is particularly noteworthy. He was questioned about sales of cows (pages 19–27, 32–36, 42–48), purchases of cows (pages 27–32), disposition of proceeds from the sales of cows (pages 35–37), sales of soybeans (pages 50–53), disposition of hay (pages 51–52), disposition of corn (pages 53–57), and so on. The point is that the debtors, in particular Arlyn Nett, were asked repeatedly about the disposition of various assets and proceeds from those assets.

At trial the debtors were again asked what they had done with various assets and proceeds therefrom. Their claim of surprise at trial by this line of questioning when they had been asked the same questions just one month earlier is without merit. Furthermore, it is unclear what additional evidence the debtors could offer to refute the section 727(a)(5) discharge objection since they were given full opportunity at trial to explain the disappearance of the assets and loss of the proceeds therefrom.

█ "Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." F.R.C.P. 54(c) made applicable by Bankruptcy Rule 7054(a). This Rule has been liberally construed, leaving no question that it is the court's duty to grant whatever relief is appropriate in the case on the basis

of the facts proved. There are two limits to the Rule. First, relief which none of the parties desires should not be forced upon them. *Robinson v. Lorillard Corp.*, 444 F.2d 791, 803 (4th Cir.1971). Secondly, if it would prejudice the opposing party to grant the unrequested relief, the court should not grant it. *Id.* at 803. The Seventh Circuit has applied the same limitations on Rule 54(c) in *Kaszuk v. Bakery and Confectionery Union and Industry International Pension Fund*, 791 F.2d 548, 559 (7th Cir.1986). The test is clearly stated in *Moore's Federal Practice:*

> It is the duty of the court to grant the relief to which a party is entitled irrespective of the prayer for relief in the pleadings. When the failure to request a particular form of relief prejudices the presentation of the defense, however, relief under Rule 54(c) may be inappropriate.

6 *Moore's Federal Practice*, ¶ 54.62 at 54–315 (2d ed. 1986).

█ In their amended complaint, the plaintiffs' prayer for relief includes a denial of the debtors' discharge. They also ask "for such other and further relief as may be just and equitable in the premises." In their brief in opposition to the debtors' motion for reconsideration and order of dismissal, the plaintiffs characterize their amended complaint as one for denial of discharge under sections 727(a)(2)(A) and (B) and 727(a)(6) and 523(a)(6). However, the brief goes on to argue that the evidence at trial sustains a denial of discharge under section 727(a)(5). Clearly the plaintiffs were seeking a denial of the debtors' discharge, therefore, the court's order denying discharge did not impose a relief which was not sought by the plaintiffs.

█ The debtors were given adequate notice that they would be required to explain what they had done with various assets and proceeds from those assets. At trial they were given an opportunity to explain and the court found their explanations unsatisfactory. Because the debtors were given adequate notice and opportunity to explain, the denial of their discharge

was not prejudicial. Upon the foregoing an order may be entered denying the debtors' motion for reconsideration.